IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11284
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Defendant-Appellee,


versus

RODNEY EUGENE GALGIANI,

                                        Plaintiff-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-030-Y
- - - - - - - - - -
June 16, 1997
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

    Rodney Eugene Galgiani argues that the district court erred
in denying his motion to suppress evidence taken from his person
as a result of a nonconsensual search and an unconstitutional
seizure.

    In reviewing the district court's ruling on a motion to
suppress, we consider the evidence in the light most favorable to
the prevailing party, accepting factual findings unless clearly

_____

    [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

erroneous and reviewing questions of law de novo.  See <u>United States v. Shannon</u>, 21 F.3d 77, 81 (5th Cir. 1994).  When the district court enters no factual findings and no indication of the legal theory underlying its decision to deny a motion to suppress, we independently review the record to determine whether any reasonable view of the evidence supports admissibility.  See <u>United States v. Yeagin</u>, 927 F.2d 798, 800 (5th Cir. 1991).

After reviewing the record before us, we conclude the district court's determination that Galgiani gave valid consent to search his bag and his person was not clearly erroneous.  See <u>United States v. Olivier-Becerril</u>, 861 F.2d 424, 426 (5th Cir. 1988); <u>see</u> <u>also</u> <u>United States v. Sutton</u>, 850 F.2d 1083, 1086 (5th Cir. 1988).  Further, although Galgiani's confrontation with a DEA task force officer amounted to a seizure once the officer asked to search his bag, the fruits of such were admissible because the seizure was based on reasonable suspicion.  See <u>United States v. Simmons</u>, 918 F.2d 476, 481 (5th Cir. 1990); <u>see</u> <u>also</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968).

AFFIRMED.